Gluck v Hirsch (2018 NY Slip Op 05828)





Gluck v Hirsch


2018 NY Slip Op 05828


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2015-11902
 (Index No. 15005/10)

[*1]Arthur Gluck, respondent, 
v
Jacob Hirsch, et al., appellants, et al., defendants.


Lonuzzi & Woodland, LLP, Brooklyn, NY (John Lonuzzi of counsel), for appellants.
Borenstein McConnell & Calpin, P.C., Brooklyn, NY (Abraham Borenstein of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Jacob Hirsch and Blime Hirsch appeal, by permission, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated December 3, 2015. In the order, the Supreme Court declined to sign the appellants' proposed order to show cause.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
The defendants Jacob Hirsch and Blime Hirsch (hereinafter together the Hirsches) defaulted by failing to appear in this action to foreclose a mortgage on real property they owned. A judgment of foreclosure and sale dated December 12, 2014, was entered in favor of the plaintiff and against, among others, the Hirches. On December 3, 2015, the Hirsches presented a proposed order to show cause to the Supreme Court, seeking to vacate the judgment pursuant to CPLR 5015(a)(1), (3), and (4), to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211(a)(8), to disqualify the plaintiff's counsel based upon an alleged conflict of interest, and to cancel the notice of pendency. The proposed order to show cause also sought a temporary restraining order staying the foreclosure sale of the property scheduled for later that day, December 3, 2015, at 2:30 p.m., pending the hearing and determination of their proposed motion. After oral argument, the court declined to sign the proposed order to show cause, with a handwritten notation that the Hirsches failed to demonstrate a meritorious defense to the action and that the Hirsches failed to submit proof of misconduct by the plaintiff's attorney.
By decision and order on motion dated December 22, 2015, this Court granted the Hirsches leave to appeal from the Supreme Court's order declining to sign the proposed order to show cause and stayed the foreclosure sale of the subject premises pending the hearing and determination of the appeal (see Gluck v Hirsch, 2015 NY Slip Op 94403[U]).
"The court in a proper case may grant an order to show cause, to be served in lieu of a notice of motion, at a time and in a manner specified therein" (CPLR 2214[d]). Whether the circumstances constitute a "proper case" for the use of an order to show cause instead of a notice of motion is a matter within the discretion of the court to which the proposed order is presented (see [*2]Siegel, NY Prac § 248 [5th ed, 2011]). Here, under the particular circumstances of this case, this was a proper case for the use of an order to show cause, and the Supreme Court improvidently exercised its discretion in declining to sign the proposed order to show cause (see Matter of Georghakis v Matarazzo, 123 AD3d 711, 711).
Accordingly, we remit the matter to the Supreme Court, Kings County, to set a return date for the Hirsches' order to show cause.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court